IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DENISE L. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 03-CV-05-1018-MHT |
| | ) |
| SEARS, ROEBUCK & CO., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TO DISALLOW THE PROPOSED AMENDED COMPLAINT**

**COMES NOW** the defendant, Sears, Roebuck & Co. ("Sears"), and moves this Court to deny the plaintiff's Motion to Amend her Complaint and to disallow the plaintiff's proposed Amended Complaint. In support of its opposition, Sears states as follows:

1. On October 24, 2005, the plaintiff filed her Complaint alleging a single claim of race discrimination under Title VII of the Civil Rights Act of 1964. In her Complaint, she requested back pay, reinstatement, and "other relief as may be appropriate." The plaintiff does not allege a claim for compensatory damages.

2. On December 5, 2005, Sears timely answered the plaintiff's Complaint denying that it had engaged in any unlawful discrimination and asserting that the plaintiff was not entitled to any relief whatsoever.

3. Defense Counsel deposed the plaintiff on April 28, 2006. During her deposition, the plaintiff specifically confirmed that she was only seeking lost wages and reinstatement and that she was not alleging a claim for mental anguish or emotional

distress. Moreover, the plaintiff again indicated in her responses to Sears' interrogatories and request for production that she was not seeking compensatory damages. During her deposition, the plaintiff likewise did not assert any facts suggesting that Sears acted maliciously or recklessly when it terminated her employment.

4. On June 15, 2006, the defendant filed its Motion for Summary Judgment and supporting brief requesting that the Court dismiss the plaintiff's discrimination claim.

5. On or about June 16, 2006, almost eight months after the plaintiff filed her initial Complaint, the plaintiff filed a motion requesting that the Court allow her to amend her Complaint to allege a claim for punitive damages in the amount of $300,000.

6. The plaintiff's Motion to Amend her Complaint to include a claim for punitive damages is due to be denied.

   a. First, the plaintiff is not seeking any compensatory damages as defined under the Civil Rights Act of 1991. Without such a claim, the plaintiff is foreclosed from seeking punitive damages. See Kerr-Selgas v. American Airlines, Inc., 69 F.3d 1295 (1st. Cir. 1995) (holding that the plaintiff was not entitled to an award of punitive damages in her sex discrimination claim under Title VII in the absence of any award for compensatory damages); Louisiana Acorn Fair Housing v. LeBlanc, 211 F.3d 298, 303 (5th Cir. 2000) (vacating the plaintiff's punitive damages award under the FHA because there was no award of actual damages); Peoples Helpers Foundation, Inc., v. City of Richmond, 12 F.3d 1321, 1327 (4th Cir. 1993) (stating that "punitive damages are not recoverable when compensatory damages have not been awarded."); Air Line Pilots Ass'n Int'l v. Scheduled Skyways, 567 F.Supp. 171 (W.D.Ark. 1983) (refusing to allow a punitive damages claim when the plaintiff failed to first allege compensatory damages).

Neither her Complaint nor her proposed Amended Complaint specifically allege that she has suffered any mental anguish, emotional distress or compensatory damages. Additionally, the plaintiff specifically admitted in her deposition and her discovery responses that she was not seeking any such damages. For this reason alone, the Court should deny the plaintiff's Motion to Amend her Complaint.

    b.  Second, the granting of plaintiff's motion at this time would be prejudicial and present an unreasonable burden for defendant. The plaintiff has had almost <u>eight</u> <u>months</u> since the filing of her initial Complaint to assert a claim for punitive damages and has not done so. And during these eight months, the plaintiff has responded to discovery and has been deposed and yet she <u>never</u> indicated on either of these occasions that Sears acted maliciously or recklessly when it terminated her employment. <u>See</u> <u>Dudley v. Wal-mart Stores, Inc.</u>, 166 F.3d 1317, 1322 (11th Cir. 1999) (To support a claim for punitive damages, the law requires that the plaintiff point to some form of reckless or egregious conduct). Only now, <u>after</u> the plaintiff has been deposed and <u>after</u> the defendant has prepared its summary judgment motion does the plaintiff assert a claim for punitive damages. Allowing the plaintiff to amend her complaint at this late date would force the defendant to have to reopen the plaintiff's deposition creating an unnecessary burden and expense. Consequently, the Court should deny the plaintiff's Motion to Amend and disallow the plaintiff's proposed Amended Complaint.

 WHEREFORE, PREMISES CONSIDERED, defendant respectfully requests this Honorable Court to deny the plaintiff's Motion to Amend and to disallow the plaintiff's Amended Complaint.

/s/ Mac B. Greaves
Mac B. Greaves (GRE007)
Mieke A. Hemstreet (HEM007)
Attorneys for Defendant
Sears, Roebuck and Co.

OF COUNSEL:
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above and foregoing pleading on counsel by filing it with the Clerk of the Court using the CM/EMF system and by placing same in the U.S. mail on this the 26th day of June, 2006, properly addressed and first class postage prepaid to:

T. Robin McIntyre
2101 Executive Park Drive
Opelika, AL 36801

/s/ Mac B. Greaves
OF COUNSEL
