IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DENISE L. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 03-CV-05-1018-MHT |
| | ) |
| SEARS, ROEBUCK & CO., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO STRIKE DECLARATION OF SHANNON BRYANT ATTACHED TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

**COMES NOW** the defendant, Sears, Roebuck & Co. ("Sears"), and moves this Court to strike the Declaration of Shannon Bryant attached as Exhibit A to the Plaintiff's Response to the Defendant's Opposition to the Plaintiff's Motion to Amend Complaint. In support of its Motion to Strike, Sears states as follows:

1. On October 24, 2005, the plaintiff filed her Complaint alleging a single claim of race discrimination under Title VII of the Civil Rights Act of 1964. Defendant timely answered the plaintiff's Complaint denying that it had engaged in any unlawful discrimination.

2. On or about June 16, 2006, the plaintiff filed a motion requesting that the Court allow her to amend her Complaint to allege a claim for punitive damages in the amount of $300,000.

3. Defendant filed an opposition to this motion on or about June 26, 2006, requesting that the Court not allow the plaintiff to amend her Complaint because she has conceded that she is not seeking any compensatory damages and that allowing the

1480148

plaintiff to amend her complaint would be prejudicial and present an unreasonable burden on the defendant because the plaintiff waited until after she had been deposed and until after the defendant had prepared its motion for summary judgment to amend her complaint.

4. Plaintiff has now filed a response to the defendant's opposition attaching as Exhibit A, the Declaration of Shannon Bryant, to support her motion to amend her Complaint. In her Declaration, Bryant claims that she heard Terry Gandy tell John Lawry that Sears was "finally getting rid of two black trouble makers in appliances."

5. This Count should strike Bryant's Declaration for the following reasons:

a. First, FED.R.CIV.P. Rule 37 specifically states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless, such failure is harmless, permitted to use as evidence at trial, at a hearing, or *on a motion* any witness or information not so disclosed."

Here, the plaintiff never bothered to disclose at any time during the eight months of discovery that Shannon Bryant heard Terry Gandy, or any one else, make any remarks whatsoever that the plaintiff believed would support her claim for race discrimination or a claim for punitive damages. On February 28, 2006, the defendant served the plaintiff with Interrogatories and Request for Production. Interrogatory No. 13 specifically asked the plaintiff to identify any specific facts and conversations supporting her allegation that members of management, specifically Terry Gandy, John Lawry and Kenny Reese, discriminated against her during her employment with the defendant; in Interrogatory No. 14, the defendant asked the plaintiff to identify each and every fact and any conversations

1480148

supporting her allegation that the defendant had engaged in the "disparate treatment of black female employees."; and in Interrogatory No. 15, the defendant asked the plaintiff to identify each and every fact and each and every conversation supporting her conclusion that she was wrongfully terminated (See Exhibit A, Defendant's Interrogatories and Request for Production). The plaintiff ***never*** stated or even suggested in her responses to any of these interrogatories that Shannon Bryant heard Terry Gandy (or anyone from Sears) make any remarks regarding the plaintiff's termination, including that which Bryant now alleges in her Declaration (See Exhibit B, Plaintiff's Response to Defendant's Interrogatories).

Additionally, on April 28, 2006, defense counsel deposed the plaintiff. And again, defense counsel specifically questioned the plaintiff about any facts she had to support her claim. Defense counsel even specifically asked the plaintiff what information she believed Shannon Bryant had to support the plaintiff's allegations against Sears. The plaintiff, however, again failed to disclose that Bryant had any information regarding any remarks made by Terry Gandy or anyone else at Sears pertaining to the plaintiff and her termination.

Despite having numerous opportunities and a duty to do so, the plaintiff has failed to disclose the information Bryant now asserts in her Declaration. The plaintiff cannot now use this information to support her motion to amend her complaint to include a claim for punitive damages. See FED.R.CIV.P. Rule 37. For this reason alone, the plaintiff should be precluded from relying on this Declaration in support of her motion to amend her complaint.

      b.      Additionally, Bryant's Declaration is due to be stricken because it is conclusory. This remark as set forth in Bryant's Declaration does not indicate that there was any hostility or malicious intent towards the plaintiff because of her race or that Sears was acting with reckless disregard as to her federally protected rights. Consequently, Bryant's Declaration is due to be stricken and should not be considered by this court with respect to the plaintiff's motion to amend her complaint.

WHEREFORE, PREMISES CONSIDERED, defendant respectfully requests this Honorable Court to strike the Declaration of Shannon Bryant, attached as Exhibit A, to the Plaintiff's Response to the Defendant's Opposition to Plaintiff's Motion to Amend her Complaint.

/s/ Mieke A. Hemstreet
Mac B. Greaves (GRE007)
Mieke A. Hemstreet (HEM007)
Attorneys for Defendant
Sears, Roebuck & Co.

OF COUNSEL:
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

### CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above and foregoing pleading on counsel by filing it with the Clerk of the Court using the CM/EMF system and by placing same in the U.S. mail on this the 6th day of July, 2006, properly addressed and first class postage prepaid to:

T. Robin McIntyre
2101 Executive Park Drive
Opelika, AL 36801

/s/ Mieke A. Hemstreet
OF COUNSEL

1480148