# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DENISE L. SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No.: 03-CV-05-1018-MHT |
| SEARS ROEBUCK& CO., | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF DENISE L. SMITH

Defendant Sears, Roebuck & Co. ("Sears" or "defendant"), pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, propounds the following interrogatories and request for the production of documents to the plaintiff, Denise L. Smith.

## INSTRUCTIONS AND DEFINITIONS

A.   Defendant's First Interrogatories and Request for the Production of Documents to the plaintiff are deemed to be continuing. If the plaintiff becomes aware of any further information following the plaintiff's initial response to these interrogatories or requests for production, the plaintiff is required to provide the defendant with such additional information.

B.   As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

C.   As used herein, "identify" or "identity" when referring to a natural person means to provide an identification sufficient to notice the deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation: (a) his or her full name; (b) present or last known home address and telephone number; (c) present or last known business affiliation, address and telephone number;

1441163

(d) title or occupation; and (e) each of the positions held by such person during the applicable time period covered by your answer referring to such person.

D.    As used herein, "identify" or "identity" when referring to an entity means to provide an identification sufficient to notice a deposition of such entity and to serve such entity with process to require attendance of a representative at such deposition to include, without limitation: (a) name of organization; (b) present or last known address and telephone number of entity; (c) name and address of registered agent; and (d) type of business conducted by such entity.

E.    As used herein, the definition for the term "document" means any means by which information is maintained, or capable of being maintained, including, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; records; bid records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; diaries; calendars; log books and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

F.    As used herein, the terms "you", "your" or "plaintiff" shall mean Denise L. Smith, and all persons acting or purporting to act on her behalf.

1441163                                                                 2

G. As used herein, the term "defendant" refers to Sears, Roebuck & Co., and includes any and all supervisors, agents, servants, or current or former employees of Sears, Roebuck & Co.

## INTERROGATORIES

1. State your full name, address and place of birth.

2. State your residence addresses for the past ten years and the dates of your residence at each.

3. With respect to all employment prior to and after the filing of your complaint, state the names and addresses of each of your employers, the dates employed, list your wages or earnings, your immediate supervisor(s), positions held by you, and the reason for the termination of the relationship.

4. List all income, whether monetary or non-monetary and whether taxable or non-taxable, which you have received since leaving the employment of the defendant.

5. If you have filed for bankruptcy, brought suit or been sued prior to or after the filing of this lawsuit, state the caption of the case and the court in which it was filed.

6. State whether you have ever been arrested and/or convicted for any offense other than a minor traffic violation, and identify each such offense, including the county, city and state in which you were arrested and/or convicted, and the date of each such offense.

7. Identify each and every school, educational establishment or training course you have attended stating the name, location, years of attendance and years of graduation, if any.

8. Please list the name, address, phone number and place of employment of every individual whom you claim has knowledge of any unlawful conduct by the defendant.

9. Do you plan on calling at the trial of this case any witness or expert witness to testify? If so, state the names and addresses of each person whom you expect to call at the trial

of this case, the subject matter on which the witness or expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, all documents considered by and /or prepared by said expert or evidencing his/her opinion, and the styles of any other lawsuits in which each expert has testified, including the civil action number of each lawsuit, the date of the testimony, and the name of the plaintiff.

10. Please identify each and every person or entity against whom you have filed any administrative or judicial claim or lawsuit including, but not limited to, any EEOC charge of discrimination, unemployment compensation claim, workers' compensation claim, unfair labor practice claim, wage and hour claim, federal law claim and/or state law claim. As to each person or entity identified in response to this interrogatory, please provide the style of the case, the place of filing such as the judicial county or administrative office, names of all plaintiffs and defendants, and the case number or other identification number of each claim.

11. If you have been examined, evaluated, counseled, treated, prescribed medication by or consulted with any healthcare provider, including, but not limited to, any doctor, physician, counselor, psychologist, psychiatrist, surgeon, hospital, clinic or any other healthcare facility with respect to any facts or alleged damages referenced in your complaint and/or otherwise related to your allegations in this action, state the identity of each, the dates of treatment, any medication or treatment prescribed, and any diagnosis rendered as to any illness or injury.

12. If you have ever been treated, counseled or observed by any person or entity, public or private, for any psychological, emotional or mental condition, substance abuse, or disorders of any kind, state the names and addresses of each person or entity, dates of care and purpose or reason for care.

13.  In paragraph 7 of your complaint, you claim that "Kenneth Reese, John Lawry, and Terry Gandy" discriminated against you during your employment with the defendant. In support of this allegation, please state as follows:

a.  Each and every specific fact upon which you rely to support this allegation, along with the names, addresses and telephone numbers of all persons having knowledge of said facts.

b.  State the substance of each and every conversation reflecting these specific facts, the times, dates and circumstances of each conversation as well as the names and addresses of all persons who participated in or witnessed or have knowledge of said conversations.

14.  In paragraph 9 of your complaint, you claim that Sears' management personnel engaged in the "disparate treatment of black female employees." In support of said allegations, please state as follows:

a.  Each and every specific fact upon which you rely to support this allegation, along with the names, addresses and telephone numbers of all persons having knowledge of said facts.

b.  The substance of each and every conversation reflecting these specific facts, the times, dates and circumstances of each conversation as well as the names and addresses of all persons who participated in or witnessed or have knowledge of said conversations.

15.  In paragraph 9 of your complaint, you claim that the defendant "wrongfully terminated" you "for alleged coupon abuse." In support of said allegations, please state as follows:

     a.    Each and every specific fact upon which you rely to support this allegation, along with the names, addresses and telephone numbers of all persons having knowledge of said facts.

     b.    The substance of each and every conversation reflecting these specific facts, the times, dates and circumstances of each conversation as well as the names and addresses of all persons who participated in or witnessed or have knowledge of said conversations.

    16.    In paragraph 9 of your complaint you claim that "other white associates" were engaging in coupon abuse but "no adverse action was taken against the white associates." In support of said allegations, please state as follows:

     a.    Each and every specific fact upon which you rely to support this allegation, along with the names, addresses and telephone numbers of all persons having knowledge of said facts.

     b.    The substance of each and every conversation reflecting these specific facts, the times, dates and circumstances of each conversation as well as the names and addresses of all persons who participated in or witnessed or have knowledge of said conversations.

## **REQUEST FOR PRODUCTION**

    1.    Please produce any and all documents, tape recordings, photographs, video tapes, CDs, DVDs statements, emails, correspondence, reports, investigative records, diaries, notes, calendars, or other memoranda mentioning, referring, or relating to the subject matter of the incidents and allegations in this lawsuit.

    2.    Please produce any and all documents sent by or on behalf of the plaintiff to Sears or any of its current or former employees and those documents sent to the plaintiff by or on behalf of Sears or any of its current or former employees.

3. Please produce any documents or recordings relating to any conversations with any current or former employee of Sears.

4. Please produce any and all documents, correspondence, and other memoranda evidencing the plaintiff's earnings from January 1, 2001, to the present, including but not limited to, employee copies of W-2 forms, payroll records, wage statements, and documents related to any unemployment compensation benefits the plaintiff has received.

5. Please produce any and all federal, state, and local tax returns for the plaintiff from January 1, 2001 through 2004, and, when available, 2005.

6. Please produce any and all employee handbooks, policies and procedures, benefit booklets, working instructions, guidelines, work rules or other similar documents relating to the plaintiff's employment with Sears.

7. Please produce any and all documents sent to the EEOC or the State of Alabama Department of Industrial Relations by or on behalf of the plaintiff or received from such entities by the plaintiff or someone acting on the behalf of the plaintiff relating to her employment with Sears and any previous or subsequent employer.

8. Please produce any and all documents, correspondence, medical records, psychological records, psychiatric records, doctors' and nurses' notes, pharmacy records, prescription medication records concerning medical, psychological and psychiatric treatment received by the plaintiff at any time.

9. Please produce any and all documents, including medical records, mentioning, referring or relating to any damages allegedly suffered by the plaintiff as a result of any alleged acts or omissions by Sears or any of its current or former employees, including, but not limited

to, alleged loss of economic and non-economic benefits, lost wages, lost fringe benefits, medical bills, etc.

10. Please produce all reports, damage calculations, and/or any other documents prepared regarding the amount of damages sought pursuant to this action.

11. Please produce any and all documents which mention any attempts by plaintiff to locate or obtain employment after leaving employment with the defendant.

12. Please produce any and all documents, recordings, memoranda, correspondence, reports, investigative records, or other materials upon which you rely in support of your allegation that "Sears Management Personnel" engaged in the disparate treatment of black females.

13. Please produce any and all documents, recordings, memoranda, correspondence, reports, investigative records, or other materials upon which you rely in support of your allegation that Sears discriminated against you because of your race.

14. Please produce any and all documents, recordings, memoranda, correspondence, reports, investigative records, or other materials upon which you rely in support of your allegation that Sears "wrongfully terminated" your employment.

15. Please produce any and all documents, recordings, memoranda, correspondence, reports, investigative records, or other materials upon which you rely in support of your allegation that Sears did not terminate "other white associates [who] were doing the same thing [as you] in using the coupons."

16. Please produce any and all documents, recordings, memoranda, correspondence, reports, investigative records, or other materials upon which you rely in support of your

1441163

8

allegation that Sears management "had not given instructions on how to use the coupons to sales associates."

Respectfully submitted,

_____
Mac B. Greaves (GRE007)
Mieke A. Hemstreet (HEM007)

Attorneys for Defendant
SEARS, ROEBUCK & CO.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS have been served on the following by directing same via facsimile and first-class, United States mail, postage prepaid, on this the 28th day of February, 2006 to the following:

T. Robin McIntyre
2101 Executive Park Drive
Opelika, AL 36801

_____
OF COUNSEL

1441163                                    9