IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| DENISE L. SMITH,<br>Plaintiff, | )<br>)<br>) |
| vs. | ) Civil Action No.: 3:05cv1018-MHT<br>) |
| SEARS ROEBUCK & CO.,<br>Defendant. | )<br>) |

2006 AUG -9  P 4: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## RESPONSE AND BRIEF TO DEFENDANT'S MOTION TO STRIKE DECLARATION OF SHANNON BRYANT ATTACHED TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff's response follows:

1. Plaintiff did not have personal knowledge of the statement made by Terry Gandy to John Lawrie which Shannon Bryant heard, see Exhibit "A".

2. On April 26, 2006, Plaintiff provided to Sears Plaintiff's Rule 26 Disclosures which included the name of Shannon Bryant, but at that time Plaintiff only knew that Shannon Bryant should have knowledge about this matter because she had been apart of management at the Auburn Sears Store.

3. Sears through disclosures has had knowledge of Shannon Bryant and could have deposed Shannon Bryant, but has never made a request to do so.

4. On June 15, 2006, Sears filed its Motion for Summary Judgment which included declarations by Terry Gandy and John Lawrie.

5. In preparing Plaintiff's response to Sears' Motion for Summary Judgment Plaintiff's counsel reviewed the declarations Sears provided with Shannon Bryant since she had been apart of management at the Auburn Sears Store. Because of the review with Plaintiff's counsel of Terry Gandy's declaration, statement 50, which states, "I have never made any derogatory remarks about African-Americans or heard anyone in management ever make any such remarks while I was the LP Manager," is what prompted Shannon Bryant to state to Plaintiff's counsel what she had heard Terry Gandy say.

6. Within three days of Plaintiff's counsel learning of the statement made by Terry Gandy Plaintiff's counsel filed, on June 30, 2006, Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion to Amend Complaint which included

Shannon Bryant's declaration dated June 29, 2006. Plaintiff's counsel sent to Sears' counsel by U.S. Mail a copy of Shannon Bryant's declaration dated June 29, 2006, on June 30, 2006. Plaintiff's counsel has timely provided Sears' counsel with all discovery information as soon as Plaintiff's counsel has had the information available. Plaintiff's counsel has never withheld any discoverable information from Sears.

6. Shannon Bryant's declaration is not conclusory it states what she knows and has heard first hand.

7. The discovery process is still on going in this matter, and Sears has not in anyway been prevented from preparing any and all defenses it desires to prepare.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to allow the Declaration of Shannon Bryant to stand as submitted for evidence in this matter because in no way has the Plaintiff intentionally withheld discoverable information from Sears, and the discovery process is still on going in this matter. Sears has not in anyway been prevented from preparing any and all defenses it desires to prepare.

*T. Robin McIntyre*
T. Robin McIntyre
Attorney for Plaintiff
2101 Executive Park Dr.
Opelika, AL 36801
(334) 745-3223

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 9 day of August, 2006, by U.S. Mail sent a copy of the above to:

Hon. Mieke A. Hemstreet
Burr & Forman LLP
3100 South Trust Tower
420 North 20th Street
Birmingham, AL 35203

*T. Robin McIntyre*
T. Robin McIntyre