IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DENISE L. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 03-CV-05-1018-MHT ) |
| SEARS, ROEBUCK & CO., | ) ) |
| Defendant. | ) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Sears, Roebuck & Co., ("Sears" or "defendant") submits the following as its Reply Brief In Support of Its Motion for Summary Judgment.

**I.     INTRODUCTION**

In her *Response and Brief in Opposition to Defendant's Motion for Summary Judgment* ("plaintiff's opposition"), the plaintiff has completely failed to present any admissible evidence to create a genuine issue of material fact or to cite to the Court any law, let alone applicable law, that would defeat summary judgment in this case. Rather, in her opposition, the plaintiff attempts to confuse the Court by comparing apples to oranges and by relying on inadmissible hearsay, conclusory statements, and on facts which are simply not material to the issues in this case. Consequently, as established in its *Brief In Support of its Motion for Summary Judgment*, Sears is entitled to judgment as a matter of law on the plaintiff's sole claim of race discrimination.

**II.     ARGUMENT IN REPLY**

A.     **None of the Alleged Comparators are Similarly Situated to the Plaintiff.**

EXHIBIT
A

The plaintiff has failed to present <u>any</u> <u>evidence</u> that any of the alleged comparators are similarly situated to the plaintiff. The Eleventh Circuit has repeatedly held that to satisfy this element "it require(s) [the plaintiff to establish] that the *quantity and quality* of the comparator's misconduct [is] *nearly identical* [to the plaintiff's] to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." <u>Maniccia v. Brown</u>, 171 F. 3d 1364, 1368-69 (11th Cir. 1999) (emphasis added). "[T]o meet the comparability requirement a plaintiff is required to show that [she] is similarly situated in all relevant respects to the non-minority employee." <u>Silvera v. Orange Cty. School Bd.</u>, 244 F. 3d 1253, 1259 (11th Cir. 2001) (internal citations omitted).

In <u>Smith v. International Paper Co.</u>, 160 F. Supp. 2d 1335, 1340 (M.D. Ala. 2001), the plaintiff was terminated for falsifying his payroll records indicating that he <u>had attended</u> certain training classes when he <u>had not</u>. 160 F. Supp. 2d at 1338. The court held that the plaintiff <u>was not</u> similarly situated to the white employees he identified as potential comparators because the evidence showed that these individuals had either <u>missed</u> training classes and <u>were not</u> compensated for their time or <u>had actually attended</u> the training classes and <u>were paid</u>. 160 F. Supp. 2d at 1343-45. Simply put, the plaintiff was attempting to compare apples to oranges. 160 F. Supp. 2d at 1345.[1]

---

[1] See also <u>Ingalsbe v. Chertoff</u>, 2006 WL 908678 *9 (N.D. Ga. 2006) ("To establish a prima facie case of discriminatory discipline, Plaintiff would have to point to evidence that the identified comparator committed the same or similar infractions as the plaintiff . . . but did not receive disciplinary treatment as a result."); <u>Daniel v. Spectrum Stores, Inc.</u>, 381 F. Supp. 2d 1368, 1377 (M.D. Ga. 2005) (finding that the plaintiff was not similarly situated to the alleged comparator for purposes of his sex discrimination claim because the evidence showed that the plaintiff had missed a scheduled shift and the comparator had only objected to it); <u>Rayborn v. Auburn University</u>, 350 F. Supp. 2d 954,

Likewise, in this case, the plaintiff is clearly confusing apples with oranges. It is <u>undisputed</u> that the plaintiff was terminated specifically for giving Sears' $65.00 service coupon to customers who <u>were not eligible</u> to receive it. (Pltf. depo. pp. 170:3-10; Gandy Decl. ¶ 17; Reese Decl. ¶ 18). Service coupons, unlike other Sears coupons, were given out by Sears' service technicians to customers who had received a service call and had declined to have their appliance repaired. (Pltf. depo. p. 115:2-116:21, Ex. 5; Gandy Decl. ¶ 10; Reese Decl. ¶ 7). Therefore, *only these customers* were eligible to receive this discount. (Pltf. depo. p. 115:2-116:21, Ex. 5; Gandy Decl ¶ 10; Reese Decl. ¶ 7). Giving this coupon to customers who had <u>not</u> received a service call and declined a repair is an unmistakable violation of Sears' unauthorized discount policy. (Pltf. depo. p. 119:12-120:1, Ex. 5; Gandy Decl. ¶ 10; Reese Decl. ¶ 7).

In her brief, the plaintiff alleges that sales associates Stephanie Darby, Merle Miller, and Michael Cunningham are similarly situated to the plaintiff because they used coupons from the register drawer. The plaintiff, however, does not present *any evidence* that these customers were <u>not eligible</u> to receive these discounts. The plaintiff offers <u>no testimony</u> as to what coupons were involved in these transactions, what the terms of these coupons were, or why these customers were not entitled to receive them.

For example, the plaintiff claims in her declaration that she saw Michael Cunningham,[2] a white sales associate, use 5 to 8 coupons in a sale he made to Terry

---

962 (M.D. Ala. 2004) (awarding summary judgment in favor of the employer because the alleged comparator had merely acted without authorization by sending his shift workers to provide security to the stadium; he had not, like the plaintiff, blatantly ignored a direct order from his supervisor).

[2]    Additionally, the plaintiff *never* identified Cunningham as a potential comparator at any time during the course of discovery. Cunningham was not disclosed in the plaintiff's initial disclosures, her interrogatory responses, or even mentioned in her

Gandy. The plaintiff offers absolutely <u>no evidence</u> of what these coupons were, let alone that Gandy was not eligible to receive these coupons. Similarly, Smith's vague statement that "several associates" allegedly "complained" about Cunningham and his "unethical selling practices" does not establish that he gave <u>unauthorized discounts</u> to anyone using the service coupon. Such vague assertions are not enough to establish that Cunningham engaged in conduct of the same "quality and quantity" as the plaintiff.

The plaintiff also contends that Stephanie Darby is similarly situated to the plaintiff. Not having any personal knowledge upon which to base her claims, as established in Sears' *Brief in Support of its Motion for Summary Judgment*, the plaintiff relies on the declaration of Shannon Bryant, a Sears former employee. Bryant, who was not even a sales associate in the appliance department, presents the irrelevant fact that she personally witnessed Darby use a $30.00 coupon from the register. (Pltf. Brief p. 8). Again, the plaintiff is grasping at straws. Even assuming that her statement is true, Bryant offers <u>no evidence</u> as to what the terms of this coupon were, let alone that the customer was <u>not eligible</u> to receive this discount. Bryant's testimony that Darby used a $30.00 coupon from the drawer without any evidence that the customer was not entitled to it does not establish that she engaged in the <u>same misconduct</u> as the plaintiff.

---

deposition. *See* Fed.R.Civ. P. 37(c)(1) which provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) of 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Consequently, Sears has moved to strike this testimony from the plaintiff's declaration in its motion to strike filed contemporaneously with this reply.

Additionally, the plaintiff alleges that Merle Miller is similarly situated to the plaintiff.[3] Despite failing to disclose Miller as a potential comparator in her initial disclosures, interrogatory responses, or during her deposition, the plaintiff now suddenly recalls that Miller completed transactions using Sears' service coupon, but rang up these sales under other associates' numbers because he was still in training at the time. (Pltf. Brief p. 8). Even if this undisclosed afterthought were true, the plaintiff has presented *no evidence* that when Miller allegedly used the service coupon, that the customer had not in fact had a service call and therefore was *not eligible* for it. Moreover, the plaintiff has not established that Gandy was aware that Miller had completed *any* transactions involving the <u>service coupon</u>, whether under his sales number or anyone else's. See Jones v. Gerwen, 874 F. 2d 1534, 1541-42 (11th Cir. 1989) (holding that because the plaintiff had failed to produce any evidence that the decision makers knew of the comparators [alleged misconduct], he could not establish that these comparators were similarly situated). The plaintiff was even given the opportunity to provide a statement to explain her misconduct involving the service coupon during Gandy's investigation. At no time however, did the plaintiff mention during this meeting (or during her deposition or in her interrogatories or her initial disclosures), that Miller may have completed some of these transactions involving the service coupon under her number. (Pltf. depo. p. 138:11-141:2, Ex. 7).

---

[3] Like Cunningham, the plaintiff *never* disclosed Miller as a potential comparator during the discovery of this lawsuit. This is despite being obligated to do so under Fed. R. Civ. P. 26(a) and (e), and despite being asked about potential comparators in interrogatories and during her deposition. *See* Fed.R.Civ.P. 37(c)(1). Thus, Sears is also moving to strike this testimony in its motion to strike filed along with this reply brief.

The plaintiff's effort to establish in her opposition that Sears did not terminate similarly situated white employees for the same misconduct fails despite her reliance on some previously undisclosed comparators. The plaintiff offers no evidence because there is not any, that Michael Cunningham, Stephanie Darby or Merle Miller gave customers a discount using Sears' $65.00 service coupon (or any other coupon) when the customer was not eligible for it.[4] At best, the plaintiff in her brief establishes that Cunningham and Darby used coupons from the register drawer and that Miller used (not abused) the service coupon. The plaintiff completely fails to establish that <u>any</u> one of these individuals, like the plaintiff, <u>ever</u> gave a <u>service coupon discount</u> to a customer who was <u>not entitled to receive it</u> and/ or that management was aware of it.

### B. Plaintiff Relies on Inadmissible Hearsay, Pure Speculation, and Immaterial Facts in an Effort to Establish Race Discrimination.

In her opposition to Sears' motion for summary judgment, the plaintiff attempts to mislead the Court by trying to disguise <u>speculation</u> and <u>conjecture</u> as "facts," by relying on <u>inadmissible hearsay</u>, and by misdirecting the Court's attention to facts that are simply <u>immaterial</u>. Unfortunately for the plaintiff, this is insufficient to withstand Sears' motion for summary judgment.

---

[4] The plaintiff also states in a single, vague, and conclusory statement that Terry Gandy (the Loss Prevention Manager), Kenny Reese (the Store General Manager), and Carolyn Landers (an appliance associate) are white employees who misused coupons. (Pltf. Brief p. 13). The plaintiff offer no argument in support of this statement. However, as previously established in defendant's *Brief In Support of its Motion for Summary Judgment*, the plaintiff has no evidence, beyond her speculation, that Landers gave an unauthorized discount using the service coupon. (Pltf. depo. pp. 191:11-19; 197:1-199:2). Additionally, the plaintiff offers no evidence that Gandy and Reese, both of whom are managers and had the ability to approve discounts and markdowns that sales associates did not, are similarly situated to the plaintiff. (Pltf. depo. pp. 108:19-110:6).

In her brief, the plaintiff heavily relies on the testimony of Shannon Bryant, who is also a former Sears employee. Curiously, the plaintiff never disclosed that Ms. Bryant had any information regarding the plaintiff's claim, other than the alleged use of coupons from the registers, in her initial disclosures, her interrogatory responses, or in her deposition.[5] (Pltf. depo. p. 14-15, 174:20-176:22). Now suddenly, and conveniently after Sears filed its motion for summary judgment, the plaintiff states in her brief in opposition to Sears' motion for summary judgment that Bryant allegedly has additional information, including a remark made by Terry Gandy, to support the plaintiff's discrimination claim. (Pltf. Brief p. 12). Plaintiff's belated attempt to create an issue of fact, however, fails. In addition to being inadmissible hearsay, this alleged remark, despite plaintiff's unsupported contention, does not rise to the level of direct evidence. Furthermore, the remainder of Bryant's assertions upon which the plaintiff relies are completely irrelevant and immaterial to the plaintiff's claim and do not establish race discrimination.

The plaintiff claims for first time in her brief alleges that there is purported "direct evidence" to support her claim for race discrimination. (Pltf. Brief p. 12). Specifically, the plaintiff asserts that Bryant overheard Terry Gandy remark that "we are finally getting rid of the two black trouble makers in appliances." (Pltf. Brief p. 12). Not only is this statement inadmissible hearsay,[6] and therefore should not be considered on a motion

---

[5] See Fed.R.Civ.P. 37(c)(1). For these and other reasons, the defendant has filed a corresponding Motion to Strike requesting that the Court exclude portions of Bryant's declaration from consideration in ruling on Sears' Motion for Summary Judgment.

[6] See Macuba v. Deboer, 193 F.3d 1316, 1322-23 (11th Cir. 1999) (stating that "[t]he general rule is that inadmissible hearsay 'cannot be considered in a motion for summary judgment.'") (citations omitted); Pritchard v. Southern Co. Services, 92 F. 3d

1488672                                     7

for summary judgment, but the plaintiff does not cite a single case supporting her one-line, conclusory argument that this remark constitutes direct evidence. In fact, the law clearly supports the conclusion that this remark is <u>not</u> direct evidence. The Eleventh Circuit has repeatedly recognized that "[o]nly the <u>most blatant</u> remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." <u>Richardson v. Dougherty County</u>, 2006 WL 1526064 (11th Cir. 2006) (emphasis added) (quoting <u>Akouri v. Fla. Dep't of Transp.</u>, 408 F. 3d 1338, 1347 (11th Cir. 2005)). Thus, a statement constitutes direct evidence only when there is <u>no other reasonable interpretation</u> for the statement than one of discriminatory intent. See <u>Richardson</u>, 2006 WL 1526064 (11th Cir. 2006).

This is not the case here. Even if Gandy made this statement (which he denies) <u>and</u> it was not inadmissible hearsay (which it is), it requires an inference and presumption that Sears terminated the plaintiff *because* of her race and *not* because she was viewed as a "trouble maker," (i.e. had violated Sears' unauthorized discount policy). See <u>Richardson v. Dougherty County</u>, 2006 WL 1526064 (11th Cir. 2006) (holding that statements allegedly made by the defendant including that it was not going to accommodate his religion, that he needed to find another religion or another job, and that "You want every Saturday off. We're sick of this. I wish you would find another job," did not prove discriminatory motive and therefore did not constitute direct evidence). It is clear that this alleged remark has a reasonable interpretation other than discriminatory intent. This is especially true in view of the fact that Gandy and Reese decided to <u>retain</u> a

---

1130, 1135 (11th Cir. 1996) (determining that the plaintiff's statements constituted inadmissible hearsay and thus could not be used to defeat the defendant's motion for summary judgment).

black associate (Jackie Dodson) who had a questionable transaction involving the same service coupon, that Reese promoted several African-Americans (including the plaintiff), and that Gandy and Reese participated in the decision to terminate several white employees for similar integrity issues. (Gandy Decl. ¶¶ 21-23, 45; Reese Decl. ¶¶ 22, 30, 31, 45). Clearly, this inadmissible hearsay neither rises to the level of direct evidence nor is it sufficient to establish pretext in light of the overwhelming evidence that Gandy and Reese engaged in conduct completely inconsistent with racial animus.

The plaintiff also relies on Bryant's declaration in an effort to show that Gandy and Reese treated blacks differently than whites. (Plft. Brief p. 10). Bryant claims that Byron Mason, who is African-American and who is currently the Store General Manager, told Bryant that they needed to watch each other's back because they were black and that Willis' termination (another employee who was terminated at the same time as the plaintiff) was unfair and that Reese would have to terminate the whole store because every one was using coupons out of the register drawer. (Pltf. Brief p. 10). In addition to being a textbook example of inadmissible hearsay, these assertions are simply immaterial.[7] When considering motions for summary judgment, the court only determines whether genuine issues of material fact exist. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986). "Disputed facts that do not resolve or affect a suit properly will not preclude the entry of summary judgment." Blue Cross Blue Shield of South Carolina v. Carillo, 372 F. Supp. 2d 628, 640 (N. D. Ga. 2005) (citing Anderson, 477 U.S. at 248, 106 S. Ct. 2505).

---

[7] For further discussion, Sears refers the plaintiff to its Motion to Strike filed in conjunction with this reply brief.

Mason's alleged comments, even if they were not hearsay, have no bearing on the outcome of the case. Willis was not terminated for using coupons from the register but for giving several customers a <u>discount</u> using the <u>service</u> <u>coupon</u> for which they were <u>not</u> <u>eligible</u>. Moreover, according to the plaintiff herself, Mason was not directly involved in the investigation or decision to terminate Willis or the plaintiff. (Plft. depo. p. 168:11-169:20). Thus, it is nothing more than his opinion about a situation of which he has no personal knowledge.[8] Therefore, Mason's perception as to the reason for the termination, or whether he thinks it was fair, simply is not relevant.

The plaintiff also alleges, again through the declaration of Shannon Bryant, that Reese did not speak to the black associates, but only to black managers and white employees, that he placed Barbra McDonald, a white employee in the HUB office rather than a black employee after the department was reorganized, and that Reese asked about a white sales associate's schedule because he was concerned that her work schedule was interfering with her school schedule. (Pltf. Brief p. 10). First, Bryant does not offer any <u>facts</u> to that suggest that Reese's actions had anything to do with race, but merely <u>speculates</u> that it does. Such evidence cannot create a material issue of fact on summary judgment. See <u>Brown v. CSC Logic, Inc.</u>, 82 F. 3d 651, 658 (5th Cir. 1996) ("Guesswork and speculation simply cannot serve as a basis for sending a case to a jury."); <u>Hedberg v. Indiana Bell Telephone Co.</u>, 47 F. 3d 928, 931-32 (7th Cir. 1995) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is

---

[8] *See Feazell v. Tropicana Products, Inc.*, 819 F. 2d 1036, 1041 (11th Cir. 1987) (upholding the district court's exclusion of <u>opinion</u> <u>testimony</u> of a <u>former</u> <u>employee</u> because it was <u>irrelevant</u> to the issue of intentional discrimination). *Johnson v. Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000) (granting employer's motion to a strike portion of store manager's affidavit testimony offering her opinion as to management's employment decisions because they were conclusory and speculative).

the primary goal of summary judgment."); <u>Wilson v. Walgreen Co.</u>, 2006 WL 1794749 *7 n.4 (M.D. Ala. 2006) ("[Speculation] cannot create a material factual issues on summary judgment.").

Additionally, Bryant's assumptions do not outweigh the admissible, undisputed, relevant facts--that Reese was responsible for promoting several African-Americans, including the plaintiff, that he went to lunch with Byron Mason, who is African-American, almost every day, and that Jackie Dodson, a black sales associate who also worked in the same department, <u>was</u> <u>not</u> <u>terminated</u> despite a questionable transaction involving the same service coupon, and that Gandy and Reese terminated other white employees for similar integrity issues. (Gandy Decl. ¶¶ 21-23, 45; Reese Decl. ¶¶ 22, 30, 31, 45).

The plaintiff also claims in her brief that there is an issue of fact as to whether Terry Gandy could have reviewed more than thirty days worth of journal tapes during his investigation. (Pltf. Brief p. 12). Even if there was an issue of fact as to this point, which there is not,[9] this fact is <u>not material</u>. What is material is the fact that Gandy investigated thirty days worth of transactions covering the <u>same</u> time period for <u>all</u> the appliance associates. This is undisputed. (Gandy Decl. ¶ 14; Pltf. depo. p. 183:3-9). Additionally, it is undisputed that this investigation revealed that the plaintiff (black) had at least <u>nine</u> transactions using the service coupon, Dodson (black) had <u>four</u>, one of which was questionable, Willis (black) had approximately <u>sixteen</u>, and Landers (white) had <u>one</u>.

---

[9] Despite the plaintiff's contention, this fact is not in dispute. The plaintiff herself stated in her deposition that journal tapes were only saved for thirty days. (Pltf. depo. p. 185:4-19). Thus seemingly in an effort to create a factual dispute, the plaintiff is forced to rely on the testimony of Shannon Bryant, who was not even working at Sears at the time of the investigation. (Pltf. Brief p. 12).

(Gandy Decl. ¶¶ 15, 19; Pltf. depo. pp. 126:2-136:4, Ex. 6, 182:7-183:9, 289:20-290:1-12). Out of all of these associates, <u>only</u> the plaintiff and Willis were found to have given customers who were not eligible for this coupon the $65.00 discount. (Pltf. depo. pp. 289:20-290:12; Gandy Decl. ¶¶ 12, 15, 19-22).

Likewise, the plaintiff's assertion that she was not specifically trained on Sears' coupon policy regarding their reuse is <u>immaterial</u>. (Pltf. Brief p. 5). Sears undisputedly has a written policy prohibiting associates from giving <u>unauthorized</u> <u>discounts</u>. (Pltf. depo. p. 86:13-88:12, Ex. 13; Gandy Decl. ¶ 5; Mason Decl. ¶ 6; Reese Decl. ¶ 4). The plaintiff, according to her own testimony, received a copy of this policy. (Pltf. depo. p. 18:11-19:9, Ex. 1). Additionally, the service coupon itself undisputedly has terms written on it indicating that <u>only</u> <u>customers</u> who had received a <u>service</u> <u>call</u> were entitled to receive this discount. (Pltf. depo. pp. 115:2-116:21, Ex. 5, 119:12-120:1; Gandy Decl. ¶¶ 10, 11; Reese Decl. ¶7). Therefore, to the extent that the plaintiff could read (and there is no evidence that she could not), it is <u>irrelevant</u> as to whether she had <u>additional</u> training on Sears' unauthorized discount policy and the proper application of Sears' service coupon. As a result, it is clear that no issue of <u>material</u> fact exists and this Court should grant Sears' Motion for Summary Judgment.

### III.   CONCLUSION

For these reasons and the reasons presented in Sears' Brief in Support of its Motion for Summary Judgment, Sears is entitled to a judgment as a matter of law as to plaintiff's claim.

/s/ Mieke A. Hemstreet
Mac B. Greaves (GRE007)
Mieke A. Hemstreet (HEM007)
Attorneys for Defendant
Sears, Roebuck & Co.

OF COUNSEL:
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

### CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above and foregoing pleading on counsel by filing the foregoing with the Clerk of the Court using the CM/EMF system on this the 10th day of August, 2006:

T. Robin McIntyre
2101 Executive Park Drive
Opelika, AL 36801

/s/ Mieke A. Hemstreet
OF COUNSEL